## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN DALE BERG,                :

         **Plaintiff**          :    **CIVIL ACTION NO. 1:24-1125**

    **v.**                      :         **(JUDGE MANNION)**

FRANK J. BISIGNANO,                :
Commissioner of
Social Security,                   :

         **Defendant**         :

### MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Sean A. Camoni which recommends that the decision of the Commissioner denying the plaintiff's claim for disability insurance benefits ("DIB") be affirmed. (Doc. 16). The plaintiff has filed objections to the report. (Doc. 17). Upon review of the record, the plaintiff's objections will be overruled and the report and recommendation will be adopted in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge,

and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on September 25, 2021, the plaintiff protectively filed for DIB under Title II of the Social Security Act ("SSA") alleging disability as of September 4, 2020, due to multiple impairments. His application was denied initially and upon reconsideration. In denying the plaintiff's application, the ALJ found that the plaintiff has the following severe impairments: psoriasis/psoriatic arthritis, GERD, diverticulitis, degenerative

disc disease of the cervical and lumbar spine, obesity, obstructive sleep apnea, headaches, ADHD, depression, and anxiety. The ALJ found, however, that none of these impairments, considered individually or in combination, meet or equal the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ determined that the plaintiff has the residual functional capacity to perform light work activity and that there are jobs existing in significant numbers in the national economy that the plaintiff can perform. The plaintiff filed a request for review of the ALJ's decision, which was denied, making the ALJ's decision the final decision of the Commissioner. On July 9, 2024, the plaintiff filed the instant appeal which was assigned to the undersigned and was ultimately referred to Judge Camoni for preparation of a report and recommendation.

The only argument raised in this appeal is that the ALJ erred in his determination at step two of the disability determination process, 20 C.F.R. §404.1520(a)(4), that the plaintiff failed to establish fibromyalgia as a medically determinable impairment. The plaintiff argues that he has, in fact, satisfied the "2010 Criteria for establishing his fibromyalgia as a medically determinable impairment under SSR 12-2p." Under the 2010 Criteria, the plaintiff must establish all three of the following: (1) a history of widespread pain; (2) "[r]epeated manifestations of six or more [fibromyalgia] symptoms,

signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded[.]" SSR 12-2p. Any fibromyalgia diagnosis must not be inconsistent with other evidence in the individual's medical records. *Id.*

At Step two of disability evaluation process, the ALJ found that, while there was some indication that the plaintiff has fibromyalgia, a diagnosis of fibromyalgia had not been made as a result of tender points during physical examinations. Moreover, the ALJ found that the diagnosis was not reached after ruling out other potential causes of the plaintiff's symptoms as required under SSR 12-2p. The ALJ determined that the plaintiff has multiple other diagnoses which could be the cause of the fibromyalgia symptoms.

In considering the plaintiff's appeal, Judge Camoni found that the ALJ's finding that fibromyalgia is not a medically determinable impairment is supported by substantial evidence. In doing so, Judge Camoni noted the plaintiff's argument is that Dr. Okoye's diagnosis included "further testing for a systemic autoimmune process [which] came back negative" and that this statement constitutes "medical evidence of excluding other disorders that

- 4 -

could be responsible for [his] symptoms." As also found by Judge Camoni, however, the plaintiff was found to have multiple disorders, including psoriasis, diffuse amplified musculoskeletal pain syndrome, chronic pain syndrome, and cervical and lumbar degenerative disc disease, a number of which were recognized by Dr. Okoye in assessing his pain symptoms and which are not autoimmune disorders. Therefore, negative results from systemic autoimmune testing does not rule out that the plaintiff's fibromyalgia symptoms could be the result of the other disorders with which the plaintiff has been diagnosed. Because there is no evidence in the record which indicates that these disorders were ruled out as a source of the plaintiff's symptoms, Judge Camoni finds that the ALJ's determination that the plaintiff's diagnosis of fibromyalgia was not reached after ruling out other potential causes of the symptoms, as required by SSR 12-2p, is supported by substantial evidence.

In his objections, the plaintiff argues that Judge Camoni erred in concluding that medical testing must rule out **all** other disorders that could cause signs and symptoms of fibromyalgia. As such, the plaintiff argues that the negative results of the systemic autoimmune testing, along with erythrocyte sedimentation rate ("ESR") testing, and imaging of his hands and feet, were sufficient to satisfy the third criterion of SSR 12-2p. While the court

- 5 -

agrees that the plaintiff need not rule out every potential cause of symptoms outlined in the notes of SSR 12-2p, the fact is that the plaintiff suffers from multiple impairments which may be causing his fibromyalgia symptoms, and there is no evidence in the record that these other conditions were ruled out as a cause of the plaintiff's fibromyalgia symptoms. Therefore, the court finds no error with Judge Camoni's finding.

In light of the foregoing, the plaintiff's objections to Judge Camoni's report and recommendation will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:**  9/30/25
24-1125-01